UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   24-20454-CR-MORENO/D'ANGELO

UNITED STATES OF AMERICA

vs.

JAMES LOUBEAU,
a/k/a "Louie,"

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and the United States Department of Justice, Human Rights and Special Prosecutions Section (collectively, "this Office") and James Loubeau ("Defendant") enter into the following agreement:

1.     *Guilty Plea.*   The Defendant agrees to plead guilty to Counts 2 and 3 of the Indictment, which charge the Defendant in Count 2 with Abusive Sexual Contact -- Incapable of Appraising (18 U.S.C. §§ 2244(a)(2), 3261(a)(2)) and in Count 3 with Abusive Sexual Contact – Without Permission (18 U.S.C. §§ 2244(b), 3261(a)(2)).

2.     This Office agrees to seek dismissal of Count 1 of the indictment as to this Defendant after sentencing.

3.     *Sentencing Guidelines.*   The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").   The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty

1

plea has been entered.   The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.   The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4.     *Information Provided to USPO.*   This Office reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

5.     *Penalties.*   The Defendant understands and acknowledges that the following statutory penalties apply:

a.     *Imprisonment.*   Pursuant to 18 U.S.C. § 2244(a)(2), the Court may impose a statutory maximum term of three years imprisonment.   Pursuant to 18 U.S.C. § 2244(b), the Court may impose a statutory maximum term of two years imprisonment.   These sentences of imprisonment may be run consecutively, for a total sentence of five years imprisonment.

b.     *Supervised Release.*   Pursuant to 18 U.S.C. § 3583(k), following any term

of imprisonment, the Court must impose a minimum term of supervised release of five years and may impose a term of supervised release up to the statutory maximum term of life.

c.    *Fines.*   In addition, the Court may impose a fine of up to $250,000 on the Defendant.

d.    *Restitution.*   The Defendant further understands, acknowledges, and agrees that, pursuant to 18 U.S.C. § 2248, mandatory restitution may be ordered in this case. Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, and 18 U.S.C. § 2248, the Defendant agrees to make full restitution to the victim of his offenses as to all counts charged in the original Indictment, whether or not the Defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement.  Further, the Defendant agrees to pay restitution to his victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct.

e.    *Special Assessments.*   In addition, the Defendant also understands and acknowledges that, pursuant to Title 18, United States Code, Section 3013, a special assessment of $100 will be imposed on the Defendant as to each count of conviction.   Further, pursuant to Title 18, United States Code, Section 3014, the Defendant is required to pay an additional special assessment in the amount of $5,000.   If the Defendant is indigent, or otherwise financially unable to pay this special assessment amount, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reason for the Defendant's failure to pay.

6.    *Agreement as to Recommended Sentencing.*   This Office and the Defendant agree that, although not binding on the Probation Office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a.    The cross-reference in U.S.S.G. §2A3.4(c)(1) applies because the "offense involved criminal sexual abuse or attempt to criminal sexual abuse (as defined in . . .18 U.S.C.

3

§ 2242)" and therefore the guidelines provisions in U.S.S.G. §2A3.1 apply.

b.      Under U.S.S.G. §2A3.1(a)(2), the Defendant has a base offense level of 30.

c.      No other special offense characteristics apply.

d.      *Early Acceptance of Responsibility.* This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and recommendation if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

e.      *Adjusted Offense Level.* That the applicable adjusted offense level under all of the circumstances of the offenses committed by the Defendant is **Level 27**.

7.      *Joint Recommendation for Sentence.* The Office and the Defendant agree that, although not binding on the Probation Office or the Court, they will jointly recommend that the

4

Court impose the statutory maximum sentence of **five years** for these counts: **a sentence of three years imprisonment as to Count 2, and a consecutive sentence of two years imprisonment as to Count 3.**

8. *Victim Impact Statement.* The Defendant agrees that the victim in this case has the legal right to be reasonably heard at any public proceeding and agrees not to object to the victim's oral or written impact statements at these proceedings.

9. *Sentence will be determined by the Court.* The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The Defendant further understands and acknowledges that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in this agreement, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the government, or a recommendation made jointly by both the Defendant and the government.

10. *Departure or Variance from the Sentencing Guidelines.* The Defendant is aware and understands that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in

light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may ***not*** withdraw the guilty plea solely as a result of the sentence imposed.

11. *Forfeiture.* The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to the United States: (1) any visual depiction described in 18 U.S.C. § 2251, 2251A, or 2252 [2] 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, pursuant to 18 U.S.C. § 2253(a) and 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 2253(b).

12. *General Waivers regarding Forfeiture.* The Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the Defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings; the requirements of Fed. R. Crim. P. 32.2 and 43(a); and any appeal of the forfeiture.

13. *Satisfaction with Counsel.* The defendant represents to the Court that he is satisfied with his counsel, Chad Piotrowski, and indicates that Mr. Piotrowski has rendered

effective legal counsel.

14.    *Stipulation of Facts*:   The accompanying Stipulation of Facts signed by the Defendant is hereby incorporated into this Plea Agreement.   The Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt

15.    *Assistance from the Defendant.* The Defendant also agrees to fully and truthfully disclose the existence, nature, and location of all assets in which the Defendant has or had any direct or indirect financial interest or control, and any assets involved in the offenses of conviction. The Defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

16.    Rights Surrendered by Defendant through Guilty Plea:   The Defendant understands that by entering into this agreement, Defendant surrenders certain rights as provided in this agreement.   The Defendant understands that the rights of criminal defendants include the following:

a.    If the Defendant had persisted in a plea of not guilty to the charges, the Defendant would have had the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if the Defendant, the United States and the judge agree;

b.    If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random.   The Defendant and the Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is

7

shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, that it could not convict the Defendant unless, after hearing all the evidence, it was persuaded of the Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately;

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the Defendant's guilt beyond a reasonable doubt;

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, the Defendant could present witnesses and other evidence on the Defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, the Defendant could require their attendance through the subpoena power of the Court; and

e. At a trial, the Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the Defendant's refusal to testify. If the Defendant desired to do so, the Defendant could testify on the Defendant's own behalf

17. *Appeal Waiver.* The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by §§ 1291 and 3742 to appeal any sentence imposed, including any assessment, forfeiture, or restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the

result of an upward departure or an upward variance from the advisory guidelines range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the government's right or duty to appeal as set forth in 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291. However, if the United States appeals the Defendant's sentence pursuant to §§ 3742(b) and 1291, the Defendant shall be released from the above waiver of his right to appeal his sentence.

18. The Defendant further hereby waives all rights conferred by 28 U.S.C. § 1291 to assert any claim that (1) the statute to which the Defendant is pleading guilty is unconstitutional; or (2) the admitted conduct does not fall within the scope of the statute of conviction.

19. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney. The Defendant further agrees, together with this Office, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

20. *Voluntariness of Guilty Plea*: The Defendant acknowledges that no threats have been made against the Defendant by any person, and that no promises have been made to the Defendant, beyond the terms contained herein, and that the Defendant is pleading guilty freely and voluntarily because the defendant is guilty

21. *Potential Immigration Consequences.* The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a

9

separate proceeding, however, and Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's denaturalization and automatic removal from the United States.

22.     *Sex Offender Registration.* The Defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the Defendant's life. The Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to the Defendant's name, place of residence, employment, or student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person the Defendant's sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the Defendant resides in Florida, following release from prison, the Defendant will be subject to the registration requirements of § 943.0435, Florida Statutes. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the Defendant's release from confinement following conviction.

23.     As a condition of supervised release, the Defendant shall initially register with the state sex offender registration in Florida and shall also register with the state sex offender registration agency in any state where the Defendant resides, is employed, works, or is a student,

as directed by the Probation Officer.   The Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update the Defendant's registration information.   The Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

24.     *Scope of the Agreement.*   This agreement binds the Defendant, the Southern District of Florida, and the U.S. Department of Justice, Human Rights and Special Prosecutions Section, and is pertinent to this case only. The Defendant understands that this agreement does not prohibit prosecution for other crimes outside of this case or crimes in other jurisdictions outside of the Southern District of Florida.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

25.   *Entire Agreement.* This is the entire agreement and understanding between this Office and the Defendant.   There are no other agreements, promises, representations, or understandings.

<div style="margin-left: 40%;">

HAYDEN O'BYRNE
UNITED STATES ATTORNEY

</div>

Date: 4|15|25              By: _____
                                BERTILA LILIA FERNANDEZ
                                ASSISTANT UNITED STATES ATTORNEY


                                MATTHEW R. GALEOTTI
                                HEAD OF THE CRIMINAL DIVISION
                                U.S. DEPARTMENT OF JUSTICE

Date: 4|15|25              By: _____
                                RYAN LIPES
                                TRIAL ATTORNEY


Date: 4/15/25              By: _____
                                CHAD PIOTROWSKI, ESQ.
                                ATTORNEY FOR DEFENDANT

Date: 4/15/25              By: _____
                                JAMES LOUBEAU
                                DEFENDANT