AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District Southern District of Florida | |
|---|---|---|
| Name *(under which you were convicted)*: James Loubeau | | Docket or Case No.: |
| Place of Confinement: FCC Coleman Low -- Coleman, Florida | Prisoner No.: | 41074-511 |
| UNITED STATES OF AMERICA V. | Movant *(include name under which convicted)* James Loubeau | |

### MOTION

FILED BY _____ D.C.

JUL 14 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court for the Southern District of Florida
   400 North Miami Avenue
   Miami, FL 33128

   (b) Criminal docket or case number (if you know): ___1:24-cr-20454-FAM-1___

2. (a) Date of the judgment of conviction (if you know): ___July 9, 2025___

   (b) Date of sentencing: ___July 3, 2025___

3. Length of sentence: ___5 years___

4. Nature of crime (all counts):

   Count I : 18 U.S.C. § 2244(a)(2); under 18 U.S.C. § 3261(a)(2)
   Count II : 18 U.S.C. § 2244(b)(2), under 18 U.S.C. § 3261(a)(2)

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐   (2) Guilty ☒   (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☐

Page 2 of 13

AO 243 (Rev. 09/17)

8.  Did you appeal from the judgment of conviction?      Yes ☐      No ☒

9.  If you did appeal, answer the following:

(a)  Name of court: _____

(b)  Docket or case number (if you know): _____

(c)  Result: _____

(d)  Date of result (if you know): _____

(e)  Citation to the case (if you know): _____

(f)  Grounds raised:

N/A

(g)  Did you file a petition for certiorari in the United States Supreme Court?      Yes ☐      No ☒

If "Yes," answer the following:

(1)  Docket or case number (if you know): _____

(2)  Result: _____

_____

(3)  Date of result (if you know): _____

(4)  Citation to the case (if you know): _____

(5)  Grounds raised:

N/A

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
Yes ☐     No ☒

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1)  Name of court: _____

(2)  Docket or case number (if you know): _____

(3)  Date of filing (if you know): _____

Page 3 of 13

AO 243 (Rev. 09/17)

(4)  Nature of the proceeding: _____

(5)  Grounds raised:

N/A

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐          No ☐

(7)  Result: _____

(8)  Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:

(1)  Name of court: _____

(2)  Docket of case number (if you know): _____

(3)  Date of filing (if you know): _____

(4)  Nature of the proceeding: _____

(5)  Grounds raised:

N/A

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ .          No ☐

(7)  Result: _____

(8)  Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:          Yes ☐          No ☐

(2)  Second petition:          Yes ☐          No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

AO 243 (Rev. 09/17)

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**  Counsel was ineffective for failing to file a Motion to Dismiss Loubeau's Indictment, as the Grand Jury returned the Indictment more than five years after the alleged conduct took place.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Continuation Pages for full factual allegations.

(b) **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2)  If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel are not cognizable on Direct Appeal.

(c) **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

AO 243 (Rev. 09/17)

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐         No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐         No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):      _____

Date of the court's decision:      _____

Result (attach a copy of the court's opinion or order, if available):

N/A

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Counsel was ineffective for failing to show Loubeau any of the discovery received from the United States, leaving Loubeau with insufficient information to decide whether to proceed to trial.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

See Continuation pages for full factual allegations.

(b)  **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐         No ☒

AO 243 (Rev. 09/17)

(2)  If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel are not cognizable on Direct Appeal.

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☒

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐      No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

AO 243 (Rev. 09/17)

**GROUND THREE:** Counsel was ineffective for failing to strike statements from a non-victim witness; statements that were highly prejudicial against Loubeau.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See continuation pages for full factual allegations.

(b) **Direct Appeal of Ground Three:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐     No ☒

    (2)  If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel are not cognizable on Direct Appeal.

(c) **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐     No ☒

    (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

N/A

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐     No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐     No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐     No ☐

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):   _____

Date of the court's decision:   _____

Result (attach a copy of the court's opinion or order, if available):

N/A

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**   Counsel was ineffective for advising Loubeau to sign a guilty plea based on expired conduct, flimsy discovery, and conclusory statements from a non-victim witness: all of which counsel knew about as he advised Loubeau to plead.

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See continuation pages for full factual allegations.

(b)   **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☒

(2)   If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel are not cognizable on Direct Appeal!

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☒

(2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

N/A

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐       No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐       No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐       No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

N/A

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

No.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?        Yes ☐        No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

(b) At the arraignment and plea:
Chad Piotrowski, 169 E. Flagler St., Suite 1600, Miami, FL, 33131

(c) At the trial:
N/A

(d) At sentencing:
Chad Piotrowski, Esq.

(e) On appeal:
N/A

(f) In any post-conviction proceeding:
pro se

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?        Yes ☐        No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☐        No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?        Yes ☐        No ☒

AO 243 (Rev. 09/17)

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The Judgment in the criminal action was entered on July 9, 2025. As the one-year statute of limitations to file the instant motion is one year, see 28 U.S.C. § 2255(f)(1), Loubeau has timely filed, as he submitted the instant motion to the prison mailing authoririries on July _2_, 2026. See also Washington v. United States, 201 F.3d 1299, 1301 (11th Cir. 2001).

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 12 of 13

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:  Dismiss the indictment with prejudice against the United States against reprosecution; or, in the alternate, order an evidentiary hearing be held to determine whether the Indictment remains valid.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on        July 2, 2026                     .

(month, date, year)

Executed (signed) on _____ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Page 13 of 13

CONTINUATION PAGES

Ground One:  Counsel was ineffective for failing to file a Motion to Dismiss Loubeau's Indictment, as the Grand Jury returned the Indictment more than five years after the alleged conduct took place.

On May 4, 2019, James Loubeau engaged in conduct that the United States alleged to have violated 18 U.S.C. §§ 2242(2), 2244(a)(2), and 2244(b). See Crim. Doc. 3. All three counts in the Indictment derived from the same action on the same date. No other dates of conduct are listed on the Indictment or any other charging papers. However, the Indictment was filed on October 9, 2024---five years, five months, and five days after the conduct took place.

Loubeau's counsel, Chad Piotrowski, Esq., was ineffective, primarily because he was unaware of the law with regard to the statute of limitations. While it may be forgiven that counsel would assume all sex crimes are outside the guardrails of any statute of limitations, this is not the case as applied to Loubeau.

Title 18, Section 3282(a) states: "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the Indictment is found or the information is instituted within five years after such offense shall have been committed." (emphasis added). This provision is not present in the text of any of the statutes presented in Loubeau's Indictment./1

Neither §§ 2242 nor 2244 countenances the statute-of-limitations-stripping provision of 18 U.S.C. § 3283, as it applies only to "an offense involving the sexual or physical abuse ... of a child under the age of 18 years." (emphasis added); see also 18 U.S.C. § 3509(a)(8)("the term 'sexual abuse' includes the employment, use, persuasion, inducement, enticement, or coercion of a child ... to engage in sexually explicit conduct....").

The Indictment, at all times, only refers to the victim as "ADULT VICTIM 1." Crim. Doc. 3 at 2-4; see also Crim. Doc. 31 at 3 ("Adult Victim 1 was a 19-year old

---

1/ The United States never leveled any Superseding Indictments against Loubeau at any point in the criminal proceedings. Thus, the Indictment at Crim. Doc. 3 is the sole charging document at issue in the instant motion.

enlisted member of the Armed Forces at Royal Air Force Mildenhall in England.").

Indeed, Piotrowski gave no indication to Loubeau during any of his attorney visits that he was aware the statute of limitations applied. See, e.g., Affidavit of James Loubeau (hereinafter "Aff.") at ¶ 7 ("One of the first things Mr. Piotrowski said to me was, 'You're facing a life sentence, so you'd better give it all you got!"); id. at ¶ 13 ("Mr. Piotrowski continued to give me the impression that I was facing a life sentence."); and id. at ¶ 23 ("[Piotrowski] never mentioned the possibility of moving to dismiss the Indictment for conduct that had already gone beyond the five-year statute of limitations.").

Piotrowski's ineffectiveness rose to a level that violated Loubeau's Sixth Amendment right to the effective assistance of counsel at every stage of the criminal proceedings. For had Piotrowski known about how the statute of limitations as applied to Loubeau's conduct, he would have immediately moved to dismiss the Indictment with prejudice against the United States for future prosecution.

For relief, Loubeau respectfully requests that this court dismiss the Indictment against him with prejudice against the government, as the United States brought expired conduct to the Grand Jury in the first place. And, Loubeau requests further relief, including the expungement of any records associated with this crime, as the knock-on effects of lifetime sexual offender registry in Florida would create an undue and unjust burden that Loubeau should not have to endure.

In the event this Court would require an evidentiary hearing prior to dismissal, Loubeau would support the proposition, as "a case-specific approach must be applied to a [18 U.S.C.] § 3283 challenge, with a focus on the charge(s) brought against the defendant." United States v. Tso, 154 F.4th 731 *20 (10th Cir. 2025); see also United States v. Deakins, 152 F. 4th 693 n.1 (6th Cir. 2025)("[T]he Adam Walsh ... Act of 2006 removed the statute of limitations altogether for 'any felony under chapter ... 117" of Title 18); but see 18 U.S.C. §§ 2242 and 2244 (both statutes are in Chapter 109A of Title 18; not Chapter 117).

<u>Ground Two</u>:   Counsel was ineffective for failing to show Loubeau any of the discovery received from the United States, leaving Loubeau with insufficient information to decide whether to proceed to trial.

Between October 15, 2024, and March of 2025, when Loubeau signed the Plea Agreement, he met with Piotrowski a total of four times. <u>See</u> Aff. at ¶¶ 6, 10, 12, 16. Piotrowski failed to show to Loubeau any discovery from the United States at any of these meetings. This amounts to the ineffectiveness of counsel that violated Loubeau's Sixth Amendment right, as he signed the Plea Agreement without having the necessary information and evidence to determine whether he should proceed to trial.

In the November 2024 meeting, Piotrowski only mentioned the discovery in passing, stating he was going to file for a "continuance." Aff. ¶ 11. Piotrowski explained to Loubeau that he needed this continuance because the United States had yet to provide him with the discovery.

It was during the third meeting in January of 2025 that Piotrowski disclosed to Loubeau that he had received the United States' discovery. <u>See</u> Aff. ¶ 14. But even though Loubeau asked to see the discovery---which would have included potential witness statements---(<u>see</u> Aff. ¶ 15), Piotrowski only continued to harp on his misguided assumption that Loubeau still faced "a life sentence." <u>Id.</u> at ¶ 13.

By withholding the discovery file from Loubeau, Piotrowski deprived him of his Fifth Amendment right to Due Process, and to review the evidence that was being used against him in court. And by not being able to review the evidence, Loubeau signed the Plea Agreement without having enough information about his own case to make an informed decision as to sign the plea agreement or proceed to trial. <u>See</u> Aff. ¶ 21.

Loubeau respectfully requests that this Court set the matter for an evidentiary hearing, so that Loubeau can provide live testimony to the statements contained in his sworn Affidavit, and so that this Court may make a credibility determination as to the veracity of Loubeau's claims, and provide specific performance in the form of relief by dismissing the charges against him with prejudice against the government.

<u>Ground Three</u>:    Counsel was ineffective for failing to strike statements from a non-victim witness; statements that were highly prejudicial against Loubeau.

The United States filed several pretrial motions, giving Piotrowski ample notice that it intended to file witness statements and testimony in Loubeau's case. <u>See</u> Crim. Doc. 30, 31. And Piotrowski made Loubeau aware of these filings in their January 2025 meeting. Aff. ¶ 15 ("Mr. Piotrowski informed me that the United States was planning to file ... statements from no fewer than four 'witnesses.'").

While Piotrowski accurately depicted to Loubeau the number of potential witnesses, <u>see</u> Crim. Doc. 31 at n.1, Piotrowski failed to mention to Loubeau: 1) the weakness of the statements; and 2) that Piotrowski would seek to have the statements struck.

Had Loubeau reviewed the witness statements prior to signing the plea, it would have swayed his decision to proceed to trial. This is for several reasons.

First, it turned out that the United States didn't actually have four witnesses ready for trial: it only had one. <u>See</u> Crim. Doc. 31 at 1. This witness was not an alleged victim of Loubeau, and only knew Loubeau in passing. <u>See</u> <u>id.</u>. What's worse, is that this witness made contradicting remarks in her testimony: <u>Compare</u> Crim. Doc. 31 at 4 (witness recalling AV1 telling her "I think I've been raped....") <u>contra</u> <u>id.</u> (witness recalling AV1 telling her "maybe it was a dream.").

Loubeau had no way to know how to prepare a defense with Piotrowski against statements he did not review, such as a purported "assaulting spree in 2019,"[2] Crim. Doc. 31 at 7; allegations that Loubeau's "criminal activity ha[d] reached a frightening level," <u>id.</u>; nor was Loubeau able to assess the strength of the United States' case against him in the first place. <u>See</u>, <u>e.g.</u>, Crim. Doc. 31 at 4 ("Adult Victim 1 could not identify the man" that supposedly assaulted her); <u>id.</u> at 6-7 (Loubeau's apartment was within walking distance of AV1's apartment; thus, any images caught of Loubeau in the vicinity could not, on their own, substantiate a crime); Aff. ¶ 22 ("Mr. Piotro-

---

2/ To introduce this statement in and of itself was highly prejudicial, as it would have included alleged conduct that, like in the isntant case, had already expired under the five-year statute of limitations. Even the United States must follow the law when it searches for and apprehends suspects.

wski never mentioned to me any further statements or witnesses that the United States intended to introduce, were I to go to trial.").

Such deficiencies in counsel's performance amount to a violation of Loubeau's Sixth Amendment right to the effectiveness of counsel, and also violate Loubeau's Fifth Amendment right to the ability to confront any witnesses that level allegations against him.

Loubeau respectfully requests that this Court set the matter for an evidentiary hearing, so that he may provide live testimony, subject to cross-examination. And for relief, Loubeau respectfully requests that any such witness statements be struck from the record were this matter proceed to trial.

Ground Four: Counsel was ineffective for advising Loubeau to sign a guilty plea based on expired conduct, flimsy discovery, and conclusory statements from a non-victim witness; all of which counsel knew about as he advised Loubeau to plead guilty.

The culmination of the above stated errors amount to a case that should have never existed, and should never have haled Loubeau to this Court. While each of the claims in Grounds Two and Three, standing alone, would be enough to remand and resentence Loubeau, it is their combining with the egregious mistake of Ground One that should compel this Court to dismiss the Indictment in its entirety with prejudice against the United States for reprosecution at a later date; expungement of the file from NCIC to prevent accidental sex offender registy; and relief from all supervised release and restitution payments that are heretofore unpaid.

Loubeau respectfully requests that this Court construe each of the first three Grounds liberally as violations of both Fifth and Sixth Amendment rights to Due Process and to the effective assistance of counsel. For no counsel could be considered effective or competent that permits the United States to bring expired charges to a Grand Jury without immediately moving for their dismissal.[3]

_____/

3/ Even had the United States wanted to pursue these charges beyond the five-year limit, it would have been required to have Loubeau sign a Tolling Agreement before the five-year limit. And as the docket is devoid of any such document, it must be assumed that Loubeau never signed, nor consented to, any such tolling of the charges.

AFFIDAVIT OF JAMES LOUBEAU

I, James Loubeau, being over the age of 18 and of sound mind, hereby declare the following to be true and correct to the best of my knowledge:

1. My full name is James Loubeau.

2. My USMS number is 41074-511.

3. I am currently housed at the Federal Correctional Complex, Low Custody, in Coleman, Florida, where I am serving a 60-month term of imprisonment.

4. I was arrested in this district on October 15, 2024.

5. After being transferred several times, I was eventually placed in FDC Miami awaiting criminal proceedings.

6. On or about October 24, 2024, Chad Piotrowski met with me for the first time at FDC Miami.

7. One of the first things Mr. Piotrowski said to me was, "You're facing a life sentence, so you'd better give it all you've got!"

8. Mr. Piotrowski offered me no other legal advice at this initial meeting; I came away from that meeting with a sense of both utter fear and dread.

9. After the initial meeting, my ex-girlfriend paid the retainer to hire Mr. Piotrowski, and from there, became my counsel of record. See Doc. 16.

10. In November of 2024, I had a second meeting with Mr. Piotrowski at FDC Miami.

11. In this meeting, Mr. Piotrowski told me that he was going to file for what he called a "continuance," which I understood to mean that he needed more time to obtain discovery from the United States.

12. In January of 2025, I had a third meeting with Mr. Piotriwski at FDC Miami.

13. In this meeting, Mr. Piotrowski continued to give me the impression that I was facing a life sentence.

14. Mr. Piotrowski never showed me any of the discovery files that he received in the time between the second and third meetings, despite asking for it more than once.

15. Also in this meeting, Mr. Piotrowski informed me that the United States was planning to file several motions that would seek to include statements from no fewer than four "witnesses," in order to prejudice me and enhance my sentence.

16. In March of 2025, I met with Mr. Piotrowski for the fourth and final time prior to my sentencing.

17. In this meeting, Mr. Piotrowski provided me the Plea Agreement to sign. Mr. Piotrowski informed me that "the Plea has a five-year cap."

18. Mr. Piotrowski appeared to be in a hurry; he asked me to review the terms of the Plea Agreement, and then he asked me if I had any questions.

19. Prior to signing the Plea Agreement, I asked Mr. Piotrowski, "so If I sign the Plea, the most time I can get is five years, but if I go to trial and lose, I'm looking at life, right?"

20. Mr. Piotrowski resopnded by saying something to the effect of, "That's about right---it's either sign for five, or go to trial and get life."

21. Mr. Piotrowski made no further mention of my discovery, which I had requested to see on more than one occassion, but never provided to me. As such, I felt that I didn't have enough information about the United States' case against me to know if going to trial would have been a viable option.

22. Mr. Piotrowski never mentioned to me any further statements or witnesses that the United States intended to introduce, were I to go to trial. As such, I was unable to understand what trial strategy I had at the time I signed the Plea Agreement.

23. At all times that Mr. Piotrowski represented me, I always believed that I was facing a life sentence. Mr. Piotrowski never mentioned, and seemed not to know, that the Indictment had expired conduct throughout, and he never mentioned the possibility of moving to dismiss the Indictment for conduct that had already gone beyond the five-year statute of limitations.

-2-

Pursuant to 28 U.S.C. § 1746, I hereby declare that the factual allegations and factual statements contained in this affidavit are true and correct to the best of my knowledge.

James Loubean

July 2, 2026

Date

-3-



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.

**UNITED STATES POSTAL SERVICE** — *Retail*

US POSTAGE PAID
**$0.00**
Origin: 33521
07/09/26
1117550512-02

PRIORITY MAIL®

PRIORITY® MAIL

0 Lb 4.90 Oz
**RDC 03**

EXPECTED DELIVERY DAY: 07/13/26

C071

SHIP TO:
400 N MIAMI AVE
MIAMI FL 33128-1801

USPS TRACKING® #

9505 5126 3317 6180 3731 18

FROM:
James Loubeau, #41074-511
Federal Correctional Complex
Unit A-2 (Low Custody)
P.O. Box 1031
Coleman, FL 33521-1031

TO:

United States District Court
Office of the Clerk
400 North Miami Avenue
Miami, FL 33128

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

PS00001000014
EP14F October 2023
OD: 12 1/2 x 9 1/2

PAPER POUCH
how2recycle.info

 **UNITED STATES POSTAL SERVICE** ® | P

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

## TRACKED ■ INSURED



PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

For Domestic shipments, the maximum weight is 70 lbs. For International shipm